## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

BRYCEN SCOTT BEAL,

        Petitioner,

   v.                          **CRIMINAL ACTION NO. 4:23-cr-64**

UNITED STATES OF AMERICA,

        Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Brycen Scott Beal's ("Petitioner") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step Act"). Pet'r's Mot. Compass. Release, ECF No. 57 ("Pet'r's Mot."); *see also* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated herein, Petitioner's Motion is **DENIED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On August 15, 2023, Petitioner was named in a two-count Indictment, which charged him with Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1951(a) (Count One); and Using a Firearm during a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two). ECF No. 15. On October 12, 2023, Petitioner pled guilty to Counts One and Two. ECF No. 25.

On February 13, 2024, the Court sentenced Petitioner to a total of 120 months and one day of imprisonment. ECF Nos. 35, 37. Upon release from imprisonment, the Court sentenced Petitioner to serve a supervised release term of three years. *Id.* Petitioner is set to be released on

April 4, 2032. Pet'r's Mot. at 1.

On December 13, 2024, Petitioner filed a *pro se* Motion for Compassionate Release. ECF No. 42. On May 8, 2025, Petitioner filed the instant Motion through counsel. Pet'r's Mot. On July 8, 2025, the Government filed a response in opposition. Resp't's Mem. Opp'n to Pet'r's Mot. Compass. Release, ECF No. 63 ("Mem. Opp'n"). Petitioner did not file a reply, but Petitioner did file a Supplemental Memorandum on June 24, 2025. ECF No. 62. Accordingly, this matter is ripe for judicial determination.

## II.    LEGAL STANDARD

### A. The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the BOP bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the

2

threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### B. The Compassionate Release Standard

As amended by the First Step Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the First Step Act was passed, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, cmt. 1(A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at cmt. 1(D). Use of the "catch-all provision" prior to the First Step Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the First Step Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) ("[W]here the [Sentencing] Commission fails to act, then courts make their own independent determinations of

3

what constitutes an 'extraordinary and compelling reason[]' under § 3582(c)(1)(A), as consistent with statutory language."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). Ultimately, compassionate release motions "ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other." *United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022).

### III.    DISCUSSION

#### A.  The Threshold Requirement

As an initial matter, the Court must address the issue of exhaustion. In his Supplemental Memorandum, Petitioner provided documentation of his request for compassionate release to the warden on April 7, 2025, and the warden's denial of Petitioner's request on April 10, 2025. ECF No. 62. Therefore, Petitioner has exhausted his administrative remedies, and the Court will proceed to address the merits of Defendant's Motion.

#### B.  Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to reduce his sentence. Petitioner argues compassionate release is warranted because (1) his youth at the time of the offense constitutes an extraordinary and compelling basis for reduction, and (2) the balance of Section 3553(a) factors demonstrate that purposes of punishment in this case can be achieved by a reduced sentence. Pet'r's Mot. at 3-4, 7-8.

##### 1.  Youth at the Time of Offense

Petitioner argues that his youth at the time of the offense justifies a reduction in his

4

sentence. Pet'r's Mot. at 5-6. And while youth can be considered as a factor in the U.S.S.G. § 1B1.13(b)(5) catchall provision analysis, it cannot be the sole basis on which the sentence reduction relies. *See United States v. Rucker*, No. 3:09-CR-00028, 2022 WL 1184670, at *3 (W.D. Va. Apr. 21, 2022) ("And while consideration of a defendant's youth at the time of his offense has been deemed a proper factor supporting reduction under the compassionate release statute, *see McCoy*, 981 F.3d at 286, nowhere does the caselaw indicate that youth alone is a sufficient basis for a sentence reduction absent some other factor that could, on its own, constitute an 'extraordinary and compelling' reason for relief."). Petitioner was engaged in a drug deal when he shot and robbed his drug dealer. Despite Petitioner's citation to *Roper*, courts in this district have declined to reduce a sentence on the basis of youth when the "defendant's deliberate, planned act in the instant offense . . . undermines the argument that his actions resulted primarily from youthful impulsivity." *United States v. Brown*, No. 2:11-CR-152, 2024 WL 3357836 at *6 (E.D. Va. July 10, 2024) (citing *Roper v. Simmons*, 543 U.S. 551, 570 (2005)). Because the instant offense occurred when Petitioner was already entangled in an intentional, illegal enterprise, the Court finds that Petitioner's actions were not merely the product of his youth. As in *Brown*, "[w]hile the circumstances of the defendant's . . . youth at the time of the offense are certainly troubling, they are not so unusual as to amount to extraordinary and compelling reasons warranting a sentence modification." *Brown*, 2024 WL 3357836 at *6.

Further, the Court also notes that Petitioner's youth was considered during sentencing, when this Court sentenced Petitioner to a downward variance as requested in his position papers. Mem. Opp'n at 3. Accordingly, Petitioner's youth at the time of offense alone does not present an extraordinary and compelling reason for his compassionate release.

2.  18 U.S.C. § 3553(a) Factors and Rehabilitation

Moreover, even if Petitioner had articulated sufficient "extraordinary and compelling" medical conditions to surmount the requirements of the statute, the 18 U.S.C. § 3553(a) factors do not support a reduced sentence.

The Court appreciates Petitioner's position that his family's support will benefit him upon his release. Pet'r's Mot. at 9. However, in the Court's view, that support does not outweigh the severity of the crime committed. Further, though the Court understands the nature of brain development and peer influence at the age of 19, and evaluating the nature and circumstances of the offense, the Court believes that Petitioner was old enough to comprehend the choices he was making and the effects of his behavior. And, as noted, this Court sentenced Petitioner to the minimum sentence required by law because it did not want to impose a sentence harsher than necessary given these same considerations of his age. Mem. Opp'n at 3. Finally, Petitioner has only been incarcerated for two years of his ten-year sentence. Despite Petitioner's claim that he has sufficiently rehabilitated in this short period of time, the Court is not convinced the necessary rehabilitation has yet occurred to justify a reduced sentence because there has been no substantial change in the factors as considered at the time of sentencing. ECF No. 42. Therefore, the Court finds, at this point, the current sentence is not greater than necessary under the 3553(a) factors.

Therefore, the Court originally imposed a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. In balancing the applicable § 3553(a) factors, the Court concludes those factors weigh against Petitioner's release.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling

6

reason to grant compassionate release. Petitioner's Motions for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF Nos. 42, 57, are **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED.**

Newport News, Virginia
December 8 , 2025

Raymond A. Jackson
United States District Judge